NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTACIO GONZALES,<br><br>    Petitioner,<br><br>  vs.<br><br>KELLY HARRINGTON, Warden,<br><br>    Respondent. | No. C 10-01299 EJD (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br><br>(Docket No. 10) |

Petitioner, a state prisoner incarcerated at the Kern Valley State Prison in Susanville, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as unexhausted. (Docket No. 10.) Petitioner did not file an opposition although he was given an opportunity to do so. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

**BACKGROUND**

According to the petition, Petitioner was found guilty in Santa Clara County Superior Court of five counts of Penal Code § 269 (rape). (Pet. 2.) Petitioner was

1  sentenced to 75 years in state prison. (Id.)

2  Petitioner appealed the conviction; the state appellate court affirmed the conviction
3  and the state high court denied review. (Id. at 3.) Petitioner filed the instant federal
4  habeas petition on March 26, 2010.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

Even though non-exhaustion is an affirmative defense, the petitioner bears the burden of proof that state judicial remedies were properly exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005); Caver v. Straub, 349 F.3d 340, 345 (6th Cir. 2003); Winck v. England, 327 F.3d 1296, 1304 n.6 (11th Cir. 2003); see Darr v. Burford, 339

1  U.S. 200, 218-19 (1950) ("petitioner has the burden... of showing that other available
2  remedies have been exhausted"), <u>overruled on other grounds</u>, <u>Fay v. Noia</u>, 372 U.S. 391
3  (1963); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981) (affirming summary
4  judgment for respondent because, although petitioner alleged he had exhausted, "there is
5  nothing in the record" to show it).

6      If available state remedies have not been exhausted as to all claims, the district
7  court must dismiss the petition. See <u>Rose v. Lundy</u>, 455 U.S. at 510; <u>Guizar v. Estelle</u>,
8  843 F.2d 371, 372 (9th Cir. 1988).

9  B.    <u>Motion to Dismiss</u>

10     Respondent moves to dismiss the instant petition for failure to exhaust because
11 Petitioner failed to exhaust four of his six claims in the California Supreme Court. (Mot.
12 to Dismiss at 2.) Respondent contends that Petitioner alleged the following claims in the
13 instant petition: 1) ineffective assistance of counsel for failure to file a motion to suppress
14 the testimony of two witnesses; 2) trial court error for the admission of testimony by a
15 medical expert about the lack of lingering trauma; 3) trial court error for the admission of
16 evidence of uncharged sexual abuse of Petitioner's sister; 4) ineffective assistance of
17 counsel because Petitioner was unaware of his constitutional rights at trial; 5) and 6)
18 ineffective assistance of counsel because defense counsel told petitioner did not want to
19 be his attorney. (<u>Id.</u> at 2-3.) Respondent admits that Petitioner exhausted claims 2 and 3
20 in the California Supreme Court by raising them in his petition for review, (<u>id.</u>, Ex. C),
21 but asserts that Petitioner did not raise claims 1, 4, 5 and 6. (<u>Id.</u> at 3.) Accordingly,
22 Respondent argues that the Court should dismiss the petition as unexhausted. (<u>Id.</u>)

23     Petitioner has not filed opposition to show that he properly exhausted his state
24 remedies contrary to Respondent's contention. Therefore, Petitioner has failed to meet
25 his burden of proof that state judicial remedies were properly exhausted with respect to all
26 the claims presented in the instant petition. See <u>Parker</u>, 429 F.3d at 62.

27 ///
28 ///

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition for failure to exhaust state judicial remedies, (Docket No. 10), is GRANTED. See Rose v. Lundy, 455 U.S. at 510.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 10.

DATED: June 17, 2011

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANASTACIO GONZALES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KELLY HARRINGTON, Warden,<br><br>　　　　　Respondent._____/ | Case Number: CV10-01299 EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____6/20/2011_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anastacio Gonzales F-34323
Pleasant Valley State Prison
P. O. Box 8500
Coalinga, CA 93210

Dated: _____6/20/2011_____

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　/s/ By: Elizabeth Garcia, Deputy Clerk